## COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, CLC, Plaintiff,

v.

## U.S. WEST COMMUNICATIONS, Defendant.

### Civ. A. No. 90–B–0564.

United States District Court, D. Colorado.

Sept. 10, 1990.

Gerard C. Boyle, Susan J. Tyburski, Boyle & Tyburski, Denver, Colo., for plaintiff.

David R. Hansen, U.S. West Inc., Englewood, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are cross-motions for summary judgment on plaintiff Communications Workers of America, AFL–CIO, CLC's (Union) action for a permanent injunction. Hearing was held on August 24, 1990. The Union seeks to prevent defendant U.S. West Communications (U.S. West) from implementing a policy to test employees for drug and alcohol use pending grievance and arbitration proceedings. U.S. West moves for summary judgment contending that the Union is not entitled to an injunction. Because the collective bargaining agreement is broad enough to encompass the dispute, the underlying controversy is not collateral to the arbitrable dispute, the Union has shown a likelihood of success on the merits in the arbitration proceeding and irreparable injury without an injunction, and the balance of hardships absent an injunction favors the Union, I grant the injunction.

U.S. West's testing policy was adopted in response to Department of Transportation (DOT) drug and alcohol testing regulations. The policy of U.S. West, however, is more expansive than that required by the regulations. The U.S. West policy covers *all* employees, not only those subject to the DOT regulations. The Union filed an unfair labor practice charge with the National

Labor Relations Board (NLRB) alleging that U.S. West had "made a mid-term modification of the collective bargaining agreement" and unilaterally implemented the testing program without bargaining to an impasse. The Regional Director declined to issue a complaint and administratively deferred the matter to the grievance and arbitration procedures under the collective bargaining agreement. The Union's appeal to the Office of the General Counsel for the NLRB resulted in the same disposition.

The Union filed this action seeking an injunction preventing U.S. West from implementing the drug and alcohol testing policy pending the outcome of grievance and arbitration procedures. The Union also asks that I (1) declare that the policy violates certain constitutional rights of employees; (2) declare that the policy does not comply with the DOT regulations; (3) declare that the DOT regulations do not preempt the Union's collective bargaining rights; (4) declare that Union employee refusal to comply with the policy is protected "concerted activity" under the National Labor Relations Act, 29 U.S.C. § 157; (5) order U.S. West to reinstate and compensate employees who have been dismissed or penalized under the policy; and (6) award the Union attorney's fees.

■ To obtain an injunction under the circumstances here, the Union must meet a five point test. The Union must show that (1) the dispute is subject to arbitration; (2) the arbitrable dispute is the underlying dispute and not merely collateral; (3) it is likely to succeed on the merits in the arbitration proceeding; (4) it will suffer irreparable injury absent an injunction; and (5) the balance of hardships favors an injunction. *Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235, 253–54, 90 S.Ct. 1583, 1593–94, 26 L.Ed.2d 199 (1970); *Oil, Chemical and Atomic Workers Int'l Union, AFL–CIO v. Amoco Oil Co.*, 885 F.2d 697, 703 (10th Cir.1989).

■ The initial question is whether the dispute is subject to arbitration. Citing *Inland Container Corp.*, 298 NLRB No. 97, 134 LRRM 1137 (1990), the Office of the General Counsel for the NLRB concluded that deferral of the Union's unfair labor practice charge to arbitration was appropriate because "the grievance and arbitration procedure of the instant contract was, as in *Inland*, sufficiently broad to encompass" the Union's allegations. Although the collective bargaining agreement in this case does not include a specific provision for drug and alcohol testing, it does contain a "changes in the law" clause which may be covered by the mandatory arbitration provision. Regardless, the provisions of the collective bargaining agreement here do not differ materially from those in *Inland*. Deferring to the judgment of the NLRB and its analysis in *Inland*, I conclude that the present dispute is subject to arbitration. Furthermore, given that the underlying dispute is arbitrable, it is not merely collateral to the contract.

■ To show likelihood of success on the merits, the Union must show only that the position it will adopt in the grievance and arbitration proceedings is sound enough that the proceedings will be more than a hopeless undertaking. *Amoco*, 885 F.2d at 704 (and cases cited therein). The Union contends that U.S. West breached the collective bargaining agreement by improperly implementing the drug program. Specifically, the Union alleges that U.S. West failed to notify the Union of the change in federal law which required a modification of the agreement. The Union also contends that it was never given an opportunity to bargain the terms of the testing policy. Although it is not clear which party will prevail in this dispute, the Union's position is strong enough to meet the likelihood of success test. *See Amoco*, 885 F.2d at 704.

■ Irreparable injury, in the context of this case, has been interpreted as that which would undermine the integrity of the arbitration process by making an eventual award only an "empty victory." *Amoco*, 885 F.2d at 704. The Union contends correctly that the employees it represents will be irreparably injured absent an injunction pending grievance and arbitration. Although an arbitrator may award backpay and reinstatement, drug and alcohol testing

is exceptionally intrusive and potentially invidious. Accordingly, the Tenth Circuit determined that "[i]n light of the invasion of privacy threatened by Amoco's testing program, and the potential for stigmatization and humiliation of its employees, we do not believe that an arbitral award of reinstatement and backpay could make affected employees whole." *Amoco*, 885 F.2d at 707. U.S. West argues that the circumstances in *Amoco* are distinguishable from those before me. The extraordinarily invasive qualities inherent in any drug and alcohol testing program, however, render situational variations insignificant. Therefore, as in *Amoco*, an injunction is necessary to avoid otherwise unredressable injury.

■ For these same reasons, the balance of hardships favors the Union. Although U.S. West will be delayed in implementing its program pending completion of the grievance and arbitration process, the danger that the program will encroach on the privacy interests of the employees outweighs this inconvenience to U.S. West. *See Amoco*, 885 F.2d at 709.

Under the undisputed facts of this case, and as a matter of law, the Union has satisfied the test articulated in *Amoco*, entitling it to an injunction pending the completion of the grievance and arbitration procedures. Consequently, given that this dispute may be resolved through that process, I need not reach the constitutional questions, the allegation that the policy does not comply with the DOT regulations, the contention that the DOT regulations do not preempt the Union's bargaining rights, or the claim that employee refusal to comply with the policy is protected concerted activity under the National Labor Relations Act. Finally, because it was unnecessary to address the Union's constitutional claims, the Union is not entitled to attorney fees under 42 U.S.C. § 1988.

Accordingly, it is ORDERED that:

(1) The motion for summary judgment of plaintiff Communications Workers of America, AFL–CIO, CLC is conditionally GRANTED; the Motion for summary judgment of defendant U.S. West Communications is DENIED;

(2) The injunction is conditioned and will become effective on the initiation and pursuit of grievance and arbitration procedures by the Communications Workers of America, AFL–CIO, CLC, to address its allegations against U.S. West Communications regarding the drug and alcohol testing policy;

(a) U.S. West Communications, its agents, representatives, attorneys or any person acting on its behalf shall cease implementation and execution of its drug and alcohol testing policy, including disciplinary actions, pending the conclusion of grievance and arbitration procedures concerning the policy;

(b) Employees represented by the Communications Workers of America, AFL–CIO, CLC who were dismissed or penalized under the drug and alcohol testing policy shall be reinstated to their former positions, reinvested with all benefits and seniority which they previously enjoyed;

(3) Each party is to bear its own costs;

(4) Final Judgment shall enter hereon.